# United States Court of Appeals for the Fifth Circuit

---

No. 22-50325
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2023

Lyle W. Cayce
Clerk

Paul Salazar,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-1489

---

Before Haynes, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

This petition for writ of habeas corpus case involves Paul Salazar's challenge to Texas convictions and sentences for continuous sexual abuse of a child and indecency with a child by exposure. The district court dismissed the case for failure to meet the one-year limitation period in 28 U.S.C. § 2244(d). Salazar sought a certificate of appealability ("COA") from our

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court asserting that, because he raised a substantial claim of ineffective assistance of trial counsel in his state collateral-review proceedings, during which he did not have counsel, the limitations should not apply. In so arguing, he relied upon the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1, 17–18 (2012) (addressing procedural default issues of ineffective assistance of counsel, not the time bar). While other circuits had addressed the question of whether *Martinez* applies in this context, we had not done so at the time the case was presented for a COA. Thus, we granted a COA "on Salazar's contention that the rule of *Martinez* applies to the statute of limitations."

However, our court recently held that *Martinez* is inapplicable to AEDPA's limitations period. *Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023). We are bound by that ruling. Accordingly, the petition for habeas relief is DENIED.